UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
DAVID GARCIA,

                Petitioner,

        -against-

ROBERT HOKE, Superintendent,
et al.,

                Respondents.
-------------------------------------------------------x

**MEMORANDUM & ORDER**

88 CV 2635 (RJD)

DEARIE, District Judge.

As if to test the outer limits of *res judicata*, petitioner David Garcia moves for reconsideration of this Court's Memorandum and Order dated July 3, 1990 (the "1990 Opinion") denying his application for habeas corpus relief. Garcia v. Hoke, 1990 WL 137400 (E.D.N.Y. July 3, 1990). Garcia, who was 16 years old at the time of his crime, states that he was prompted to renew his previously litigated challenges to his confession (and related legal advice) by a recent magazine story reporting the grant of habeas relief on the ground that a sixteen-year-old's confession to murder was coerced. ECF Doc. 5 (Garcia letter dated December 13, 2016). As briefly explained below, the motion is denied.

## BACKGROUND

Garcia was convicted of one count of murder in the second degree, N.Y. Penal Law §125.25(3), on his plea of guilty, for the 1979 murder of a Brooklyn liquor store owner. At the close of a suppression hearing, the state court found that, after a tip led police officers to Garcia's home, Garcia's father "voluntarily and consensually allowed the officers to enter," 1990 Opinion at 11, Garcia was fully advised of his Miranda rights in his father's presence, and Garcia then freely admitted his involvement in the crime. The Appellate Division upheld the confession on

different grounds, holding that the interrogation was custodial and that there was probable cause for the custodial detention. People v. Garcia, 103 A.D.2d 753, 754 (2d Dep't), lv. app. denied, 63 N.Y.2d 706, cert. denied, 469 U.S. 1075 (1984).

Garcia was ineligible for juvenile offender treatment, see N.Y. Penal Law § 30.00 (full criminal responsibility begins at age 16), but received the statutory minimum sentence of fifteen years to life. See N.Y. Penal Law § 70.00. Owing to subsequent convictions, however, New York State Department of Corrections now list Garcia's aggregate minimum sentence as 42 years, with 2040 as his earliest eligibility for parole. Garcia also states, in his motion, that he is "incarcerated regarding another matter . . . as well." ECF Doc. No. 5 at 1.

After his extensive post-conviction litigation in the state court challenging, inter alia, the voluntariness of his confession and the advice of counsel, see 1990 Opinion at 2-6, 1990 WL 137400 at *1-2 (cataloguing state court motion practice), Garcia's 1988 habeas petition before this Court raised the following three grounds: (i) his confession should have been suppressed because he was arrested without probable cause, (ii) his ineligibility for youthful offender treatment denied him equal protection, and (iii) his sentence was cruel and unusual. Treating the claims as exhausted, this Court denied each on the merits. 1990 Opinion at 7-16, 1990 WL 137400 at *3-5. The Second Circuit affirmed without opinion. Garcia v. Hoke, 932 F.2d 956 (1991).

In what he calls a motion under Rule 60(b), Garcia states that he read an article in *People* magazine about Brendan Dassey, the subject of the Netflix documentary *Making a Murderer*, whose application for habeas relief was granted upon a finding that the confession he gave at age

16 was coerced.[1] The case has apparently given Garcia reason to assert that "some of the law has changed since [he] was sentenced." ECF Doc. 5 at 1.

## DISCUSSION

Rule 60(b) permits relief from an order of judgment principally on the grounds of "mistake, inadvertence, surprise, or excusable neglect," "newly discovered evidence," "fraud," or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b) "provides a mechanism for extraordinary judicial relief available only if the moving party demonstrates exceptional circumstances." Motorola Credit Corp. v. Uzan, 561 F.3d 123, 126 (2d Cir. 2009) (internal quotation, citation and alteration omitted).

Garcia's interest in the ongoing *Dassey* litigation in the Seventh Circuit does not conceivably establish a change in the law with retroactive application to his 1980 New York murder conviction.

## CONCLUSION

For the reasons discussed, David Garcia's motion for reconsideration is denied. Further, Garcia has again not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), so no certificate of appealability will issue.

SO ORDERED.

Dated: Brooklyn, New York
September 14, 2017

s/ RJD
_____
RAYMOND J. DEARIE
United States District Judge

---

[1] On August 4, 2017, the Seventh Circuit, granting rehearing *en banc*, vacated its decision affirming the grant of habeas relief, Dassey v. Dittmann, 860 F.3d 933 (2017).

3